IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00216-RJC
(3:04-cr-00197-RJC-DCK-2)

| | |
|---|---|
| DERICK LAMARK HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed.

I.     BACKGROUND

On July 22, 2005, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 371 (Count 1); and one count of robbery by force or violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2). (3:04-cr-00197, Doc. No. 47: Acceptance and Entry of Guilty Plea). On March 29, 2006, Petitioner was sentenced to a term of 60-months on Count 1 and a concurrent term of 112 months on Count 2. (Id., Doc. No. 60: Judgment).[1] Judgment was imposed on April 25, 2006 and Petitioner did not appeal.

---

[1] The sentence imposed was ordered to run consecutively to a sentence Petitioner received in the Middle District of North Carolina for convictions related to a robbery that occurred in Burlington, North Carolina. Petitioner received a total of 102 months on these convictions and his sentence was imposed on December 16, 2004. (Id., Doc. No. 102: Presentence Report ¶ 43).

1

In the § 2255 motion to vacate, Petitioner contends that he is entitled to sentencing relief citing the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness and therefore unconstitutional. See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Petitioner did not appeal, his judgment became final on May 5, 2006, or 10-days after its entry. Petitioner contends that the Court should reach the merits of his § 2255 motion and apply the holding in the Supreme Court's Johnson opinion which was filed on June 26, 2015. In Welch v. United States, 136 S. Ct. 1257 (Apr. 18, 2016), the Supreme Court held that the holding in Johnson is retroactive to cases on collateral review, thus the Court may reach the merits of Petitioner's § 2255 motion.

In his § 2255 motion, Petitioner contends, "that the predicates used to enhance or designate him as a lawfully [sic] offender are now questionable after the Johnson decision. The same residual or a version of it appear in various Guidelines and are all subject to be unconstitutionally vague." (3:16-cv-00216, Doc. No. 1: § 2255 Motion at 1).

Petitioner does not identify any prior convictions that he believes may now be infirm following the Johnson opinion. This is understandable because there are none. Put simply, Petitioner's sentence was calculated using a base offense level of 20 for his convictions on Counts 1 and 2, and his offense level was increased eleven levels based on his conduct during the robbery. After adjusting for acceptance of responsibility, Petitioner's total offense level was 28 and when coupled with a level VI criminal history category, Petitioner Guidelines range was 140 to 175 months and he was sentenced to 172 months' imprisonment. (3:04-cr-00197, Doc. No. 60: Judgment; Doc. No. 61: Statement of Reasons at 1).

Based on the foregoing, the Court finds that Petitioner has failed to demonstrate any right to collateral relief and his § 2255 motion will be dismissed.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Further, the Court finds that Petitioner has failed to demonstrate that the dispositive procedural rulings are debatable. See Slack, supra.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: May 20, 2016

*[signature]*

Robert J. Conrad, Jr.
United States District Judge