IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-CR-00197-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DERICK LAMARK HALL | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 90).

The defendant claims several misdemeanor crimes improperly scored criminal history points under USSG §4A1.2(a)-(c). (Id. at 3). In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable to certain claims. Id. Here, however, Simmons has no bearing on the defendant's criminal history points because none of the prior convictions requires a determination that they are "felonies" to impact his criminal history category. USSG §4A1.2(c)(stating rules for counting "misdemeanor and petty offenses"). Thus, the defendant's claim is without merit.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 90), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 15, 2016

Robert J. Conrad, Jr.
United States District Judge